**GREGORY S. WATTS**
ATTORNEY AT LAW
26 COURT STREET, SUITE 910
BROOKLYN, NEW YORK 11242

(718) 875-5020
FAX: (718) 237-0639

\* GREGORY S. WATTS
\* ADMITTED IN NEW JERSEY

PATRICK A.H. WATTS
OF COUNSEL

August 18, 2017

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   United States v. Chinese Fisher
      16 CR. 750-08(JSR)

Dear Judge Rakoff:

      Chinese Fisher is scheduled to be sentenced on September 5, 2017, in regards to her plea entered on May 4, 2017. This sentencing memorandum and letters of support is submitted on behalf of Ms. Fisher in support of the court's consideration in imposing an appropriate sentence. Specifically, Ms. Fisher is seeking a sentence outside the guideline range for a period of up to 12 months as determined by the court upon review of the Presentence Investigation Report. ("PSR").

PRELIMINARY STATEMENT

      On November 14, 2016, Ms. Fisher was arrested and indicted on a six-count indictment, charging her with Conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349. This count was the sole charge against Ms. Fisher.

      The indictment alleged Ms. Fisher and her co-defendants fraudulently obtained and used the PIN numbers of retail employees of others to fraudulently access retail stores registers. The indictment alleges Ms. Fisher acting with her co-defendants observed employees of Macy's enter their personal identification number (PIN) at their registers and obtained the employees identification number listed on the transaction receipt. The ring leader then used this information to access unmanned registers within the store to activate electronic gift cards at substantial amounts or to conduct fraudulent returns of items marked up, which was then refunded to the defendant's bank card or debit card.

The ring consisted of several defendant's, who were responsible for a loss of approximately $1.9 million dollars to Macys and other retail stores. Ms. Fisher was released on a $100,000.00, personal recognize bond, signed by three financially responsible individuals, GPS monitoring, and the ususal conditions associated under pre-trial supervision.

Ms. Fisher was detained briefly due to a pending violation of supervised release before the Honorable George B. Daniels. Ms. Fisher had plead guilty in the United States District Court of Pennsylvania in September, 2010, to the charge of Conspiracy to Possess and Use of Counterfeit Access Device and other related charges PSR¶57. Ms. Fisher charges were dismissed by Judge Daniels and she was restored to supervised release, which was scheduled to expire on November 26, 2016.

## OTHER SENTENCING CONSIDERATIONS

The Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct.738, 160 L.Ed.2d 621 (2005), vastly changed federal sentencing. Under the United States sentencing guidelines. ("Guidelines"). Treating the Guidelines as advisory requires that the sentencing court consider the Guidelines range calculation as merely one of many factors in determining a sentence no greater than necessary to achieve the goals of sentencing set forth in Section 3553(a)(2). Under Section 3553(a) is comprised of two distinct parts: the sentencing mandate contained in the prefatory clause of Section 3553(a) and the factors to be considered in fulfilling the mandate. The sentencing statute requires district courts to impose a sentence "sufficient but not greater than necessary," to comply with the four purposes of sentencing set forth under Section 3553 (a)(2): retribution, deterrence, incapacitation, and rehabilitation. In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors, including (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentence available. (3) the Guidelines and policy statements issued by the Sentencing Commission, (4) the need to avoid unwarranted sentencing disparity, and (5) the need to provide restitution where applicable. 18 U.S.C. Section 3553(a)(1), (a)(3),(a)(5-7). No factor is to be given greater weight than any other factor. After a district court accurately calculates the guidelines range, the court may impose a more severe or more lenient sentence as long as the final sentence is reasonable. Now that the Guidelines are advisory, this court has the ability and the discretion to impose a punishment that satisfies the goals of sentencing, without having to defer to the harsh and draconian penalties set up in the Guidelines.

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometime magnify, the crime and punishment to ensue. Gall v. United States, 128 S. Ct. 586, 598 (2007), quoting Koon v. United States, 518 U.S. 81, 113 (1996). Ms. Fisher submits this court should consider the applicable factors listed in 18 U.S.C. §3553(a).

1. *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant*

Chinese Fisher is 31 years old, born in New York City and earned a high school diploma in 2013. She was raised by a single parent, her mother, Sitra McIlwain, who died on January 15, 2016, at the age of 47. Ms. Fisher's father is currently incarceration with the New York State Department of Corrections for his conviction for Murder in the Second Degree and other related charges. He was sentenced in 1991 to 33 years to life. PSR¶68.

Although she dropped out of high school in the 11th grade, Ms. Fisher was gainfully employed from 2004 to 2017. PSR¶'s 84, 86. Shortly, after her mother's death in January, 2016, Chinese Fisher was responsible for the care of her younger sister, Skyler Andrews and her brother Fabian Andrews. Chinese Fisher also plays a critical role in the care of her maternal grandmother, Verona Fisher and her great grandmother, Vieola Fisher, age 90. Chinese supplemented the care provided by a home attendants, who came to the grandparents residence on a part-time basis. Verona Fisher signed the bond on behalf of her granddaughter.

Ms. Fisher has accepted responsibility for her conduct in her plea allocution to the court on May 4, 2017. Her role in the conspiracy was limited to six incidents in which various amounts of fraudulent funds were credited to her debit card in the amount of $64,000.00. PSR¶4. Ms. Fisher is held accountable for $62,631.07. PSR¶31. Ms. Fisher's desire to participate in this fraudulent scheme was purely financial. Given her limited role in the conspiracy in relation to the amount of the loss attributed to her, Ms. Fisher is asking the court to consider this factor in determining an appropriate sentence.

There is no doubt Ms. Fisher's criminal history is not a pleasant source of reading. From the age of 19 she has been convicted for several petit theft offenses resulting in various periods of incarceration, fines, and community service. The amount of the loss in these petit offenses range from $85.00 for an arrest on April 17, 2005; $429.00 for an arrest on August 11, 2005; clothing for an arrest on June 9, 2006; $509.00 and possession of counterfeit credit cards for an arrest on October 9, 2009; $406.00 for an arrest on December 2, 2013; $6,107.20 for an arrest on June 4, 2015 in Bloomingdale's department store for merchandise. All items were returned to the store. PSR §53-57

Ms. Fisher acknowledges these convictions and struggle to understand her criminal conduct. In providing my own insight into why Ms. Fisher continues with this destructive behavior, I have concluded that she is suffering from an addiction. I bring this insight from my 25 years of experience as a criminal defense attorney who have seen similar behavior by former clients. Ms. Fisher is in need of therapeutic intervention to address her conduct just like an addict addicted to a controlled substance. She impresses me as a young woman who can overcome her addiction with the right discipline.

This opinion does not excuse her responsibility for her role in the offense. While out on bail, Ms. Fisher obtained meaningful employment as a housekeeper at Comfort Inn, a hotel located in the Red Hook section of Brooklyn. Her employment was cut short due to her high risk pregnancy. PSR¶84. She is currently employed at Gristedes as a stock clerk.

2. *The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense to afford adequate deterrence to criminal conduct to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

One of the principle factors that the Court is required to determine in sentencing the defendant is the likelihood that the defendant would re-offend. If the risk assessment determines that Ms. Fisher is less likely rather than more likely to re-offend, the sentencing factors in 18 U.S.C.§3553(a)(2) mitigate strongly against standing within the advisory guideline range because, the lesser risk compels the conclusion that the sentence that is "sufficient but not greater than necessary" to satisfy the purpose of §3553(a) is a sentence substantially below the advisory guideline range determined in this case.

As previously stated, Ms. Fisher's role in the conspiracy was limited to the six instances in which her credit card account was credited with fraudulent transactions totaling $62,631.07, out of a total loss of approximately $1.9 million dollars. Ms. Fisher is in need of vocational and educational training coupled with mental health treatment to address her behavior.

3. *The kinds of sentence available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.*

The sentencing Guideline calculated Ms. Fisher's guideline imprisonment range of 27 to 33 months. Ms. Fisher request the court to consider a sentence outside the guideline range of up to 12 months.

4. *The need to avoid unwarranted sentence disparties among defendants with similar records who have been found guilty or similar conduct.*

All the defendant's in this case have plead guilty to a count in the indictment. All face various sentences based upon their role in the instant offense, their criminal history category and the amount of the loss. Ms. Fisher ask the Court to consider the co-defendants sentence for similar conduct in fashioning an appropriate sentence for her.

## CONCLUSION

The lowest possible sentence for Ms. Fisher would clearly correspond to the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Such a sentence would afford adequate deterrence for future criminal conduct and protect the public from further crimes of Ms. Fisher. Ms. Fisher should benefit from any condition as the Court may deem appropriate. This will include much needed educational or vocational training, therapeutic intervention to address her criminal behavior, or other services. It is within this court's power to impose such a sentence, available now under Booker. The lowest possible statutory sentence would serve the interest identified in Section 3553(a) and would permit Ms. Fisher to begin her journey in becoming a productive member of society.

Respectfully Submitted,

*/s/ Gregory S. Watts*

Gregory S. Watts
26 Court Street, Suite 910
Brooklyn, New York 11242
Tele: 718-875-5020
Fax: 718-237-0639
Email: Gswatts26@aol.com

TO: Michael Longyear
     Assistant United States Attorney
     Laura E. Pomerantz
     Assistant United States Attorney

Khalia R. Randall
2569 7th Ave. #23B
New York, NY 11367
347-238-4843

August 18, 2017

Honorable Jed S. Rakoff
Federal Building and Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: United States vs. Chinese Fisher

Honorable Judge Rakoff,

  I am writing this letter to bear witness to the character of Chinese Fisher. I am her paternal Sister. I currently hold a position as an Administrative Assistant at the Child Center of NY since 2008.
  I am aware of and understand the gravity of the charges raised against my sister and I am writing this letter for I believe she is more than capable of being an upstanding citizen. If allowed a second chance I believe my sister will take her love of caring for other and pursue a career in it.
  Although having different mothers Chinese and I have maintained a fun loving sibling relationship throughout the years. Furthermore, although she is younger than I she has taught me many things that I try to incorporate in my daily life. Things such as strength and caring for others no matter the circumstance is what I admire about her. Recently I gave birth to my daughter (June 28th) and my sister was by my side the entire pregnancy. Not having the support from my significant other made my pregnancy somewhat difficult, as I was both working and attending college full-time. During this time Chinese was no only physically supportive (helping me with grocery shopping, laundry, cleaning, and preparing for the baby) she was emotionally supportive as well. My sister made it a priority of hers to encourage me to get through the semester and put whatever fears I may have had to rest. Chinese also became interested in college and we would discuss her attending in depth. My sister was there with me during labor and delivery (leaving the hospital to care for her younger sister and grandmother who is ill) and helped me deliver her niece.
  Chinese Fisher is an intelligent, fun loving caregiver and will use those abilities to contribute positively to the society, her community, and loved ones. I ask that my sister have the opportunity to prove this to you and most importantly herself.

Sincerely,
Khalia Randall

Shyann Green
49-04 67th St
Woodside , NY 11377

Honorable Jed S Rakoff,
United States District Judge
Federal Building and Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Character Letter for Chinese Fisher

Your Honor,

      The aim of this letter is to present the good character of Chinese Fisher. We have worked together for the past 3 years at Global Contact Services in Nyc. I can confirm that she is careful, considerate, efficient and dedicated to the well-being of others. She has dedicated her time and efforts to the members we dealt with for three consecutive years.

      She is well-regarded among all the staff at the office as a person of high integrity and honesty. We have been together in several high stress situations, and she has always conducted herself with common sense and compassion.

I am aware of the charges against her However, I wish to express that she is not a bad person and has a great heart, and this unfortunate situation was the last one. She has expressed to me many times that she is extremely sensitive to her transgression and is sorry for it.

I hope this letter will give you an idea of her good character and help her get a second chance to prove this was an unusual occurrence.

Chisa McIlwain

72-22 153rd St #2F

Flushing, NY 11367

(917) 208-2638

July 31, 2017

Honorable Jed S. Rakoff

Federal Building and Courthouse

Southern District of New York

500 Pearl Street

New York, NY 10007

Re: United States vs Chinese T. Fisher

Honorable Judge Rakoff,

I am writing this letter to bear witness to the character of Chinese Fisher. I am her maternal aunt. As an occupation, I am a Licensed Master Social Worker (Adelphi University, N.Y., graduate) employed with Department of Veterans Affairs since 2008.

I understand the gravity of the charges raised against my niece. I am writing this letter as I believe she has the capability to contribute positively to society. If she is allowed a second chance, I believe she will take this opportunity to develop skills. I have witnessed throughout her entire life compassion, loyalty, devotion to family and selflessness.

Her mother, my sister, Sitka McIlwain, gave birth to my niece at age 15, like Chinese, and her mother before, she worked hard to provide for her family and thus worked long hours. I'd wished as Chinese grew up that I was able to spend more time with her and siblings to aid in their development. With a lack of resources for teens in the area to participate in afterschool programs etc., Chinese was subjected to a negative environment in which drug dealing, stealing and incarceration were the norm. Her mother reinforced the need to obtain an education or solid employment, along with a commitment to family in spite of this though the odds were stacked against her family at times.

When my sister, Sitka was diagnosed about eleven years ago with chronic kidney disease, it would take 9 years before she received a kidney in 2016. However, she suffered a stroke 3 weeks later as was deemed brain dead. Chinese took on responsibility to care for her mother over the next four months as she was placed in various long term nursing facilities. Simultaneously, she cared for her younger sibling, cooking for her, caring for her needs and assuring that she continued to attend school. My sister passed away on June 15, 2016. Chinese continues to care for her sibling.

Over the last few years, my mother's health has continued to deteriorate. As she lives with my aging grandmother, the family has been tasked with caring for both of them. Chinese routinely monitors my mother and grandmother. As a family, we assist as much as possible, but it's Chinese who mainly assists with their activities of daily living, shopping, escorting them to medical appointments, and managing my mother's finances. She is relied on for two households and if granted leniency, will continue to oversee those in her care. She was actually the one family member who was able to encourage my mother to initially seek medical care. These are actually the qualities in her that I wish I was able to help develop through the years. Going forward, I plan to help her identify a career, in which she may use these skills to aid others outside of our family. I can envision her working in some capacity in the medical field.

Chinese is a natural caregiver. She is positively received by friends and family of the community and has never been a danger to them. As a social worker and a therapist, I understand the need to accept responsibility for ones actions. I also am able to assess remorse and potential for a return to good values as I have seen with my niece. I ask that my niece have an opportunity to prove this to you and herself to understand that in spite of life's challenges, she can persevere.


Sincerely,


Chisa McIlwain

**From:** Chinese Fisher <ctfisher1219@gmail.com>
**To:** gswatts26 <gswatts26@aol.com>
**Subject:** Fwd: Character letter
**Date:** Fri, Aug 18, 2017 2:30 pm

Sent from my iPhone

Begin forwarded message:

> **From:** Leisha Clay <clayleisha@yahoo.com>
> **Date:** August 1, 2017 at 4:20:49 PM EDT
> **To:** Ctfisher1219@gmail.com
> **Subject: Character letter**

To Whom It May Concern

I am writing on behalf of Chinese' Fisher, whom I have known her entire life.

She is a kind, loving caring individual who unselfishly cares for her siblings - who recently lost their mother- and her grandmother who suffered a stroke.

In my opinion, Chinese is mature and has overcome great obstacles as she remains kind and considerate through it all.

As her aunt, I have always admired how she demonstrates such a respectful character in spite of her challenges. She has expressed a desire to go back to school and further her education as well.

She always treats others with courtesy and respect. She has proven to be reliable and dependable and genuinely cares for others.

If you require further information, please don't hesitate to contact me at 3473688876

Sincerely

Leisha Clay