# WL | Wright Law
## ATTORNEY AT LAW

---

299 BROADWAY, SUITE 708,
NEW YORK, NY 10007
OFFICE (212) 822-1419 • MOBILE (917) 992-8701
wrightlawnyc@gmail.com
www.wrightlaw.nyc

May 12, 2022

**BY ECF**
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

          **Re:**    *United States* v. *Chinese Fisher,* 16 Cr. 750 (JSR)

Dear Judge Rakoff:

      I write today with the Court's permission respectfully requesting that the Court order an early termination of Chinese Fisher's supervised release pursuant to 18 U.S.C. § 3583(e)(1).

      On September 12, 2017, the Court imposed a sentence upon Ms. Fisher of fifteen (15) months of imprisonment to be followed by three (3) years of supervised release. *ECF 164.* On February 12, 2020, the Court revoked the previous term of supervised release and resentenced Ms. Fisher to a new term of three (3) years of supervised release. *ECF 243.* Ms. Fisher has successfully completed 27 months of her 36 month term of supervision, and she now respectfully requests the Court grant her application for an early termination of her supervised release.

      According to Ms. Fisher's U.S. Probation Officer from the Southern District of New York, Claudell Brehon, the defendant has been in full compliance with the terms of probation, which includes: maintaining a stable residence, full-time self-employment and regularly making scheduled payments towards her restitution. Probation Officer Brehon reports that the U.S. Probation Department consents to Ms. Fisher's early termination of supervised release.

      I have also conferred with AUSA Michael Longyear and he advises that the Government takes no position regarding the instant application.

1

## Legal Standard & Discussion

Guided by the very same factors a court considers at sentencing under 18 U.S.C § 3553(a) this Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Early termination of supervised release may be appropriate for "new or unforeseen circumstances," such as "exceptionally good behavior by the defendant," which "will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the punishment goals of section 3553(a)". *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997). However, "there is no additional requirement that [the court] make a finding of new or changed circumstances," so long as a court "consider[s] the relevant 18 U.S.C. § 3553(a) sentencing factors." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

Courts in this district have granted early termination of supervised release where a defendant has completed a significant portion of her supervised release, complied with all conditions of her supervision, avoided contact with law enforcement and otherwise lived constructive fruitful lives. *See e.g., United States v. Williams*, No. 02-CR-1372 (ALC) (S.D.N.Y. Feb. 7, 2022) (granting early termination where defendant complied with conditions of his release, achieved academic success and formed family bonds); *United States v. Kapsis,* No. 06-CR-827 (WHP) (S.D.N.Y. Apr. 16, 2013) (same, where defendant maintained steady employment, completed drug treatment and had no law enforcement contacts); *United States v. Jackson*, No. 16-CR-750 (JSR) (S.D.N.Y. Feb. 22, 2022) (same, where defendant completed alcohol treatment, maintained full employment and otherwise complied with supervised release).

Since her sentence to supervised release Ms. Fisher has strived to turn her life around and by all accounts she has demonstrated remarkable success over the last 27 months. She has strengthened her family relationships forming even more significant bonds with her immediate and extended family. During her current time on supervised release, she has avoided law enforcement contacts and has otherwise led a law-abiding life. Demonstrative of Ms. Fisher's change is that she has made significant progress in paying back her restitution; thus far she has paid back $13,988 in restitution while on supervised release, and she will of course continue to make restitution payments until all of the remaing balance owed is paid, even if her supervision is terminated.

Significantly, Ms. Fisher has incorporated her own entertainment company, Flyest 360 LLC, on the Upper West Side of Manhattan that provides photo booths to be used at large private functions such as weddings. This new business venture is the primary reason Ms. Fisher is seeking early termination of her supervised release. Her business has become quite successful, and it now demands that she be able to leave New York City to provide photo booths. Often these new work assignments come at short notice and Ms. Fisher only has a few days to prepare. The demands of supervised release make it impossible for Ms. Fisher to grow her lucrative business. Furthermore, her ability to make more money will inure to the benefit of her victim as it would allow her to increase her restitution payments.

2

An additional factor is that for the first time in her life Ms. Fisher would like to explore the possibility of relocating outside of New York City. An option she is foreclosed from pursuing while on supervised release. Ms. Fisher is still a young woman in her mid-30s with an abundant, full and long life ahead of her, and an early termination of supervised release would allow her to realize her goals more easily.

## Conclusion

Ms. Fisher's demonstrated accomplishments while on supervised release is illustrative of her successful reintegration into the community and, respectfully, her supervision is no longer necessary for her rehabilitation or for the protection of society. She has complied with all the conditions of supervised release, maintained a stable home, consistently made restitution payments and opened her own successful business. For the reasons set forth above, Ms. Fisher respectfully requests the Court to find early termination of her supervised release satisfies the interests of justice and order such termination.

Sincerely,
/s/
Christopher Wright

cc. AUSA Michael Longyear

SO ORDERED
[signature]
USDJ
5-13-22

3